UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| RHONDA SHAFER,<br>    Plaintiff,<br><br>v.<br><br>APEX PARKS GROUP, LLC d/b/a<br>INDIANA BEACH,<br><br>    Defendant. | Notice of Removal from the<br>Marion Superior Court 14<br><br>CAUSE NO. |

## DEFENDANT'S PETITION OF REMOVAL

Defendant Apex Parks Group, LLC d/b/a Indiana Beach (hereinafter "Indiana Beach" of "the Defendant"), by counsel, Edward W. Hearn, and Jennifer M. Carpenter of JOHNSON & BELL, P.C., pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, hereby files this Petition of Removal on the following grounds:

1. Plaintiff Rhonda Shafer commenced this suit in the Marion County Superior Court under cause number 49D14-1904-CT-014362.

2. Plaintiff's Complaint is file-stamped April 9, 2019, and Indiana Beach was served with a copy of the Complaint and Summons on April 11, 2019 by certified mail. A true and correct copy of the Complaint is attached hereto and made a part of this Notice of Removal as "Exhibit 1."

3. Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is timely filed within thirty (30) days of service of Plaintiff's Complaint by Defendant.

4. On April 24, 2019, Defendant ascertained whether this case was one which would be removable, and thereafter, Plaintiff's attorney refused to stipulate that Plaintiff's recovery would not exceed seventy-five thousand dollars ($75,000.00). This notice is filed within thirty (30) days of receipt of the Plaintiff's refusal.

## DIVERSITY JURISDICTION

5. This matter is properly removable pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, as this Court has jurisdiction over this case based on diversity of citizenship of the parties.

6. Plaintiff Rhonda Shafer was at the time of the filing of the Complaint and still is, a citizen of Indiana.

7. Defendant Apex Parks Group, LLC was at the time of the filing of the Complaint and still is a Delaware limited liability company. The principle place of business of Apex Parks Group, LLC was at the time of the filing of the complaint and still is Aliso Viejo, California. These two facts cause Apex Parks Group, LLC to be considered a citizen of both Delaware and California for purposes of this removal petition.

8. Additionally, the sole member of Apex Parks Group, LLC is TZEW Intermediate Corp.. TZEW Intermediate Corp. was at the time of the filing of the Complaint and still is a Delaware Corporation. The principle place of business of TZEW Intermediate Corp is Aliso Viejo, California. Thus, pursuant to federal law, TZEW Intermediate Corp. is considered a citizen of Delaware and California.

9. Thus, Apex Parks Group, LLC was at the time of the filing of the complaint and is a citizen of both Delaware and California.

10. Since Plaintiff and Defendant are citizens of different states, there is complete diversity of citizenship pursuant to 28 U.S.C. § 1332(a).

11. On February 4, 2019, Plaintiff made a demand for settlement in the amount of $175,000.00 prior to filing suit herein.

12. On April 24, 2019, in an effort to determine the amount in controversy, Defendant served a request for a stipulation that the amount in controversy was less than seventy-five thousand

dollars ($75,000.00) upon Plaintiff's counsel, Laura Walker Swafford. On August 25, 2019, Attorney Swafford responded to our office indicating that there would be no stipulation to limit damages in this case.

13. The Seventh Circuit has held that, if a plaintiff really wants to prevent removal, she should stipulate to damages not exceeding the $75,000.00 jurisdictional limit. *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 511 (7th Cir. 2006). Litigants, who want to prevent removal, must file a binding stipulation or affidavit with their complaints. *Id.* at 512. A stipulation will have the same effect as a statute that limits a plaintiff to the recovery sought in the complaint. *Id.* In *Oshana,* the Seventh Circuit determined that Plaintiff's refusal to admit that her recovery would not exceed $75,000.00 raised the reasonable inference that it would exceed $75,000.00. *Id.* at 512.

14. Although Defendant denies the material allegations of Plaintiff's Complaint, based upon information contained in the Complaint and Plaintiff's refusal to enter into a stipulation limiting her damages to less than $75,000.00, there is a reasonable probability that the amount in controversy exceeds the seventy-five thousand dollar ($75,000.00) jurisdictional amount, exclusive of interests and costs.

15. This Court has original jurisdiction over the underlying state court case pursuant to 28 U.S.C. Section §1332(a). Therefore, this action may be removed pursuant to 28 U.S.C. §§ 1441 and 1446 since the matter in controversy exceeds the sum of seventy-five thousand dollars ($75,000.00), exclusive of costs and interest, and is between citizens of different states.

16. Defendant has filed this Notice of Removal within thirty (30) days of the service of Plaintiff's Complaint.

## SERVICE AND FILING OF THIS NOTICE OF REMOVAL

17. Upon filing this Notice for Removal, Defendant Apex Parks Group, LLC d/b/a Indiana Beach will give written notice of the filing of this Petition for Removal to all attorneys of record and the Clerk of the Marion Superior Court.

18. Defendant demands a jury trial on all triable issues.

WHEREFORE, Defendant Apex Parks Group, LLC d/b/a Indiana Beach, by counsel, respectfully request that this action be removed from the Marion Superior Court for Marion County, Indiana, into and under the jurisdiction of this United State District Court for the Southern District of Indiana, Indianapolis Division based on this Court's diversity jurisdiction.

Respectfully submitted,

JOHNSON & BELL, P.C.

By: /s/*Edward W. Hearn*
Edward W. Hearn, #18691-64
Jennifer M. Carpenter, #35181-71
11501 Broadway, Ste. B
Crown Point, IN 46307
219/791-1900
Hearne@jbltd.com
Swings@jbltd.com
carpenterj@jbltd.com
*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on May 10, 2019, I have electronically filed the foregoing with the Clerk of the Court using CM/ECF system which sent notification of such filing to all counsel of record.: Laura W. Swafford: LSwafford@wagnerreese.com

*/s/Edward W. Hearn*