| | | |
|---|---|---|
| STATE OF INDIANA | ) | IN THE MARION COUNTY CIRCUIT/SUPERIOR COURT |
| | ) SS: | |
| COUNTY OF MARION | ) | CAUSE NO.: |

| | |
|---|---|
| RHONDA SHAFER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| APEX PARKS GROUP, LLC d/b/a | ) |
| INDIANA BEACH, | ) |
| | ) |
| Defendant. | ) |

**DEMAND FOR JURY TRIAL**

## COMPLAINT FOR DAMAGES AND REQUEST FOR JURY TRIAL

Comes now the Plaintiff, RHONDA SHAFER, by counsel, Stephanie L. Cassman and Laura W. Swafford of **WAGNER REESE, LLP,** and for her *Complaint for Damages and Request for Jury Trial* against the Defendant, APEX PARKS GROUP, LLC d/b/a INDIANA BEACH, alleges and states as follows:

### PARTIES

1.      At all times relevant hereto, Plaintiff, RHONDA SHAFER, hereinafter "RHONDA"), was a resident of Gibson County, City of Princeton, State of Indiana.

2.      At all times relevant hereto, Defendant, APEX PARKS GROUP, LLC D/B/A INDIANA BEACH (hereinafter "INDIANA BEACH"), was a foreign limited liability company with its principal place of business in Aliso Veijo, California, doing business in the State of Indiana, and with a registered agent through Business Commercial Registered Agent, Corporation Service Company, located at 135 North Pennsylvania Street, Suite 1610, Indianapolis, Indiana, 46204.

EXHIBIT

___/___

3.     At all times relevant hereto, Defendant, APEX PARKS GROUP, LLC D/B/A INDIANA BEACH, owned and retained control over the property located at 5224 E. Indiana Beach Road, Monticello, IN 47960 a/k/a Indiana Beach.

## BACKGROUND FACTS

4.     On or about June 26, 2017, RHONDA was a business invitee at INDIANA BEACH and decided to ride the Indiana Beach Sky Ride chair lift (hereinafter "Sky Ride").

5.     Prior to riding the Sky Ride, an employee of INDIANA BEACH informed RHONDA that the Sky Ride's lift operator, if requested, could to stop the lift to ensure all riders could safely board the attraction. With this assurance, RHONDA and her grandson approached the Sky Ride, and RHONDA requested that the lift chairs be stopped.

6.     As RHONDA was attempting to take her seat on the ride, the attendant failed to stop the ride completely, causing RHONDA to be knocked to the ground and dragged and then dropped approximately six feet to a smaller platform.

7.     Plaintiff alleges that the subject accident and the resulting injuries were due to the negligence of INDIANA BEACH and its employees.

## CLAIMS FOR RELIEF

8.     The subject accident was proximately caused by the negligence of the Defendant and its employees.

9.     At all times relevant hereto, Defendant had a non-delegable duty to maintain the premises in a reasonably safe condition.

10.     At all times relevant hereto, Defendant had a duty to maintain and operate the Sky Ride in a safe manner and condition for the persons using the chair lift.

11.     Defendant should have known of hazard of failing to properly stop the Sky Ride due to a similar incident that occurred on or about June 2, 2005, in Cause No 2:06-cv-188-RL-APR in the United States District Court, Northern District of Indiana, Hammond Division.

12.     The negligent acts or omissions of the Defendant, include, but are not limited to, the following:

a)     Failure to maintain and operate the Sky Ride in a safe manner;

b)     Failure to stop the Sky Ride when Plaintiff was in apparent danger;

c)     Failure to exercise due care in operating the Sky Ride;

d)     Failure to exercise due care in training and supervising of employee(s) operating the Sky Ride;

e)     Failure to exercise due care in instructing employee(s) how to prevent or react to potential safety-related emergencies on the Sky Ride such as that which caused injury to the Plaintiff; and

f)     Failure to adequately staff the Sky Ride to provide for the safety of the Plaintiff and other similar guests.

13.     As a direct and proximate result of Defendant's negligence, RHONDA sustained personal injuries.  In order to treat her injuries and to lessen her pain and suffering, RHONDA has been required to engage the services of hospitals, physicians, surgeons, and specialists for medical care, diagnostic testing, and medication, and has incurred medical bills for such treatment.

14.     As a direct and proximate result of Defendant's negligence, RHONDA has incurred a loss of income and may incur additional lost income in the future.

15.     As a direct and proximate result of Defendant's negligence, RHONDA has experienced mental anguish, emotional distress, and pain and suffering, all of which may continue for an indefinite period.

16.     As a result of the collision described herein and the injuries to RHONDA resulting therefrom, RHONDA'S life has been diminished indefinitely.

17.     As a direct and proximate result of Defendant's negligence, RHONDA has been otherwise damaged.

WHEREFORE, Plaintiff, RHONDA SHAFER, prays for judgment in her favor and against Defendant, APEX PARKS GROUP, LLC d/b/a INDIANA BEACH, in an amount commensurate with her injuries and damages, for the cost of this action, for trial by jury, and for all other relief just and proper in the premises.

Respectfully Submitted,

**WAGNER REESE, LLP**

/s/Laura W. Swafford
Laura W. Swafford, Attorney No. 32792-29
Stephanie L. Cassman, Attorney No. 22206-49
Attorneys for Plaintiff

WAGNER REESE, LLP
11939 North Meridian Street
Carmel, IN 46032
Tel: (317) 569-0000
Fax: (317) 569-8088
Email: scassman@wagnerreese.com
           lswafford@wagnerreese.com

## JURY DEMAND

Plaintiff, by counsel, hereby demands a trial by jury against the Defendant on all issues set forth in this cause of action.

Respectfully submitted,

**WAGNER REESE, LLP**

/s/Laura W. Swafford
Laura W. Swafford, Attorney No. 32792-29
Attorney for Plaintiff

WAGNER REESE, LLP
11939 North Meridian Street
Carmel, IN  46032
Tel:    (317) 569-0000
Fax:    (317) 569-8088
Email:  lswafford@wagnerreese.com